UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| KAVARIS KELSO, | ) | |
| | ) | Case No. 4:16-cv-14 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| BEDFORD COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| *Defendant*. | | |

**MEMORANDUM**

Acting pro se, Kavaris Kelso, an inmate confined in the Bedford County Jail, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983. (Doc. 1.) This lawsuit was originally filed in the Middle District of Tennessee, but has since been transferred to the Eastern District of Tennessee. (Doc. 4.)

**I.      Screening the Complaint**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II. Plaintiff's Factual Allegations

Plaintiff has filed this action against the Bedford County Sheriff's Department, alleging that Defendant has denied him medical care. Plaintiff claims to have a history of high blood pressure and kidney infections. (Doc. 1, at 5.) He asserts that on January 8, his blood pressure was high, but "nothing was done" (*Id*.) Plaintiff's blood pressure was checked twice on January 8, but his request for a correctional officer to check his blood pressure a third time was denied. (*Id*.) As a result of this alleged denial of treatment, Plaintiff requests that the Bedford County Sheriff's Department pay him $2.5 million.

Plaintiff further alleges that on February 13 an altercation ensued between his cellmates and correctional officers in which Plaintiff's cellmates were "pepper sprayed." (*Id*.) Plaintiff claims that "pepper spray got into [his] system and it caused [him] to have chest pains and short[ness] of breath." (*Id*.) No medical attention was provided for Plaintiff's alleged complaints. (*Id*.) After the altercation, Plaintiff states that his blood pressure was high and he

2

was given a pill to lower his blood pressure. (*Id.*) Once his blood pressure was lowered, he was sent back to his cell for the night. (*Id.*) Plaintiff asserts that the correctional officers who distributed his medication were not certified or qualified to do so, and that the nurse failed to check on his condition the following day. (*Id.*)

**III.     Defendant Bedford County Sheriff's Department**

The only Defendant named in the complaint is the Bedford County Sheriff's Department. Plaintiff fails to state a § 1983 claim against the Bedford County Sheriff's Department, because this Defendant is not a "person" subject to suit within the terms of the statute. *See Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 689-90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.) Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983. *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) (noting that "[w]hile state law makes the sheriff the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983") (citing *Williams v. Baxter*, 536 F.Supp. 13 (E.D. Tenn. 1981). *See also Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("Unlike a county sheriff's office, the sheriff himself may be considered a proper legal entity for purposes of suit under § 1983."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Brinkley v. Loftis*, No. 3:11-CV-1158, 2012 WL 2370106, at *3 (M.D. Tenn. June 22, 2012).

Thus, because the Bedford County Sheriff's Department is not an entity which is subject to suit in a § 1983 action, Plaintiff fails to state a claim against this Defendant and this Defendant is **DISMISSED** from the lawsuit.

3

## IV. Conclusion

For the reasons stated above, this Court finds that Plaintiff's allegations do not state claims under 28 U.S.C. § 1983 against a viable entity. Therefore, this action will be **DISMISSED** *sua sponte*.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**